[Sac. No. 956.    Department Two.—November 18, 1902.]

## CRANES GULCH MINING COMPANY, Respondent, v. JOSEPH SCHERRER et al., Appellants.

PLACER MINING CLAIMS—ENTRY PRIOR TO 1872—SUBSEQUENT PATENT—TITLE TO KNOWN QUARTZ LEDGE.—A placer mining claim upon which final proof, payment, and entry were made prior to the act of 1872 included all quartz ledges within the limits of the claim, whether known or unknown, notwithstanding the patent was issued shortly after the passage of that act; and the owner of the patented placer claim may quiet his title as against a subsequent locator of a quartz ledge known to exist at the date of the patent.

ID.—APPEAL FROM NEW TRIAL ORDER—DECISION UPON FORMER APPEAL—LAW OF CASE.—When a subsequent appeal from a new trial order involves the same question of title to a quartz ledge within a patented placer claim which was determined against the appellant upon a former appeal from the judgment (134 Cal. 350), the decision upon the former appeal is determinative against the appellant upon the subsequent appeal.

APPEAL from an order of the Superior Court of El Dorado County denying a new trial. M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

Tabor & Tabor, for Appellants.

Lindley & Eickhoff, and Williams & Witmer, for Respondent.

McFARLAND, J.—This is an appeal by defendants from an order denying their motion for a new trial. The defendants also took an appeal from the judgment, which appeal has been decided by this court, the judgment being affirmed. (*Cranes Gulch Mining Co. v. Scherrer*, 134 Cal. 350.[1]) The decision in the latter appeal is determinative of the present appeal adversely to appellants. The action is to quiet title to a certain patented placer mining claim; and appellants' defense rests entirely upon the asserted facts that since the date of the patent to the placer claim they located certain quartz claims within the lines of the placer patent; that the

---

[1] 86 Am. St. Rep. 279.

lodes upon which they made their locations were known to
exist at the date of the patent; and that therefore under the
act of Congress of May 10, 1872, their said quartz locations
are excepted from the patent to the placer mine. But
although respondent's patent was issued a few months after
the passage of said act of Congress, application for the patent
and final proof, payment, and entry were before the date of
that act; and for this reason it was decided in the appeal from
the judgment above referred to that respondent's right to his
placer claim was not affected by the said act of 1872, but was
governed by the law as it stood at the time of payment and
entry, under which the title was complete and free from any
exception of lodes, veins, or rock in place within the patented
lines, whether known or unknown at the date of the patent.
This being so, all other points made by appellants on the
appeal from the order denying their motion for a new trial
are immaterial.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.